IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES COOTS,

        Petitioner,      :      Case No. 3:15-cv-216

  - vs -                      District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner James Coots, is before the Court for decision on the merits. Coots filed his Petition June 18, 2015 (ECF No. 3). On the Court's Order (ECF No. 4), the Attorney General has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7). In the Order for Answer, the Court set the date for Petitioner's reply at twenty-one days after the Return was filed (ECF No. 4, PageID 34). That time has expired and Petitioner has not filed a reply.

**Procedural History**

Coots was indicted by the Miami County grand jury August 15, 2013, on one count of aggravated robbery in connection with an incident that occurred June 29, 2013, at the Stone Circle Drive Thru in Tipp City. A jury found him guilty as charged despite a proffered alibi and

1

he was sentenced to the eleven year term he is now serving. Coots appealed to the Ohio Second District Court of Appeals which affirmed the conviction. *State v. Coots*, 2015-Ohio-126, 27 N.E. 3d 47, 2015 Ohio App. LEXIS 119 (2nd Dist. Jan. 16, 2015). Coots did not file a timely appeal to the Ohio Supreme Court and his motion for delayed appeal was denied. *State v. Coots,* 142 Ohio St. 3d 1463 (2015).

Coots then filed his Petition in this Court, pleading the following grounds for relief:

> **GROUND ONE**: The trial court erred and/or abused its discretion denying appellant's constitutional rights to due process and a fair trial by allowing police witness Moore to testify denying the right to cross–examination denying the right to confrontation, allowing unfairly prejudicial evidence. Evid.R. R. 403, Usurping the role of the jury by allowing lay opinion for identification, allowing playing testimony about observation on unauthenticated excerpts of CD'S.
>
> **GROUND TWO:** The trial court erred and/or abused its discretion allowing identification testimony where the state requested the victim to identify the offender based on police communication that the suspect has been arrested and her seeing him on television which is unduly suggestive and took likely to result in an incorrect identification.
>
> **GROUND THREE:** There was insufficient competent evidence that the offender possessed or displayed a knife at the time of the theft or that the knife was used as a deadly weapon, or such evidence was not credible and contrary to the greater weight of the evidence.
>
> **GROUND FOUR:** The court trial [sic] abused its discretion in allowing the state to introduce evidence of a knife not connected to the robbery and also the lack of fingerprint evidence related to the accused.
>
> **GROUND FIVE:** The court erred and/or abused its discretion in failing to instruct the jury on lesser included offenses and how to assess identification evidence.

> **GROUND SIX:** The appellant was denied his constitutional right to effective assistance of counsel; errors where [sic] not harmless.
>
> **GROUND SEVEN**: The trial court judgment sentencing appellant to the maximum term of eleven years is clearly and convincingly contrary to law.

(Petition, ECF No. 3, PageID 22-29.)

# ANALYSIS

**Procedural Default**

The Warden asserts that all of Coots' Grounds for Relief are procedurally defaulted by his failure to timely appeal to the Supreme Court of Ohio and other procedural defaults bar some of his claims.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*,

433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams*, 460 F.3d at 806 (*quoting O'Sullivan*, 526 U.S. at 846-

4

7); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Failure to appeal to the state supreme court constitutes a procedural default. *O'Sullivan, supra*. Although the Ohio Supreme Court did not publish an opinion on the reasons for their denial of Coots' delayed appeal motion, they must be presumed to have enforced their 45-day limit for appeals. The Sixth Circuit has held the Ohio Supreme Court's time limit on filing appeals is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

In his Petition, Coots offers no cause and prejudice to excuse his procedural default and he has not filed a reply to respond to that argument.

**Conclusion**

Because Coots procedurally defaulted all his grounds for relief by not timely appealing to the Ohio Supreme Court, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 22, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).